**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAGVADORJ BAYARSAIHAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74583

Agency No. A 098-132-076

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2013[**]
San Francisco, California

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and SINGLETON,
Senior District Judge.[***]

Dagvadorj Bayarsaihan, a native and citizen of Mongolia, petitions for

review of a Board of Immigration Appeals order dismissing her appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review to determine whether the agency decision is supported by substantial evidence, *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009), and deny the petition for review.

Substantial evidence supports the agency's finding that Bayarsaihan did not suffer past persecution. Most incidents proffered in support involved her family members in Mongolia and did not concomitantly threaten Bayarsaihan. *See Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010). In any event, even viewing the alleged instances of unfulfilled threats and childhood beatings cumulatively does not compel the conclusion that Bayarsaihan suffered past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).

In determining whether Bayarsaihan established a well-founded fear of future persecution, we decline to address Bayarsaihan's argument that she is a member of a disfavored group because Bayarsaihan fails to demonstrate a sufficient individualized risk of persecution even under a disfavored-group theory. *See Najmabadi v. Holder*, 597 F.3d 983, 991–92 (9th Cir. 2010). Moreover, the record supports the BIA's conclusion that Bayarsaihan's fear of future persecution is too speculative to be objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Accordingly, Bayarsaihan's asylum claim fails.

Because Bayarsaihan failed to establish eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Bayarsaihan also fails to satisfy her burden for CAT protection because she has failed to show that it is "more likely than not" that she would be tortured if she returns to Mongolia, or that such torture would occur "at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

**PETITION FOR REVIEW DENIED.**